Rel: July 24, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2026

_____

## CL-2026-0549

_____

**Ex parte Colin Newmeyer**

**PETITION FOR WRIT OF MANDAMUS**

**(In re: Melanie Beth Brown**

**v.**

**Colin Newmeyer)**

**(Perry Circuit Court: DR-26-900005)**

EDWARDS, Judge.

Colin Newmeyer ("the father") has filed a petition for the writ of mandamus seeking an order from this court directing the Perry Circuit Court to vacate its order denying his motion to "expeditiously" hold a

hearing on his motion to transfer the underlying paternity and custody action from the Perry Circuit Court to the Elmore Circuit Court, to hold a hearing on his motion to transfer, and to rule on his motion to transfer. Upon consideration of the petition and the answer to that petition filed by Melanie Beth Brown ("the mother"), we conclude that the father is entitled to the relief he seeks. We therefore grant the petition and issue the writ.

On April 16, 2026, the mother filed a petition in the Perry Circuit Court seeking to establish the father as the legal father of L.A.N. ("the child").[1] The mother also requested that she be awarded sole legal and sole physical custody of the child, subject to an award of visitation to the father, and that the father be ordered to pay child support for the child. On May 8, 2026, the father filed a motion to transfer the action from the Perry Circuit Court to the Elmore Circuit Court. He asserted that he had been a resident of Elmore County since 2013, that the child was a lifelong resident of Elmore County, that the child had always attended school in Elmore County, that the mother had been a resident of Elmore County

---

[1]The child was nine years old when the mother filed her petition. The mother and the father were never married.

until shortly before she filed her petition in the Perry Circuit Court, and that he believed that the mother retained a residence in Elmore County. The father supported his motion with an affidavit that further stated that the parties had "exercised 50/50 custodial time [with the child] since he was 2 years of age" and that the child's extracurricular activities, school, pediatrician, dentist, and counselor were located in and around Elmore County.

On May 15, 2026, the Perry Circuit Court set the father's motion for a hearing to be held on June 4, 2026. On May 26, 2026, the mother filed a verified response to the father's motion in which she asserted that she was a resident of Perry County and that, "[a]s the sole legal and custodial parent of [the child,] the child's residence is the same as [the] mother's residence." Also on May 26, 2026, the Perry Circuit Court entered an order noting the mother's response and rescheduling the hearing on the father's motion from June 4, 2026, to September 28, 2026.

On May 27, 2026, the father filed a motion requesting that the Perry Circuit Court either enter an order reinstating the hearing on June 4, 2026, or, in the alternative, conduct a hearing on his motion to transfer the action "on the first available setting before the [Perry Circuit C]ourt."

The father simultaneously filed an amended motion to transfer the action in which he fully incorporated his May 8, 2026, motion and attached additional documents purporting to demonstrate that the child had attended school and had participated in extracurricular activities solely in Elmore County and had consistently attended medical appointments in and around Elmore County. The father's amended motion also included affidavits from the father's father, Brian Newmeyer; the father's mother, Kristi Newmeyer; the father's mother-in-law, Melanie Boulware; and the father's father-in-law, William Boulware, attesting that the child was a lifelong resident of Elmore County and that the child has strong familial ties to Elmore County.[2] On May 28, 2026, the Perry Circuit Court denied the father's May 27, 2026, motion to reinstate the June 4, 2026, hearing date and noted that the matter remained set for a hearing on September 28, 2026. The Perry Circuit Court's order further provided that the "[p]arties are encouraged to work toward[] a resolution during this time." The order did not address the father's amended motion to transfer the action.

---

[2]Although the father has not indicated that he is married, the Boulwares' affidavits indicate that the father is their son-in-law.

4

On June 4, 2026, the father renewed his motion, requesting that the Perry Circuit Court conduct a hearing on his motion to transfer before September 28, 2026. The father specifically noted that the child had attended Holtville Elementary School in Elmore County his entire academic career and that the September 28, 2026, hearing date would occur after the 2026-2027 academic year had commenced. The father, relying on Ex parte Windom, 776 So. 2d 799 (Ala. 2000), and Ex parte Nationwide Agribusiness Insurance Co., 276 So. 3d 674 (Ala. 2018), argued that trial courts generally should rule on motions alleging improper venue as expeditiously as possible. The father concluded his renewed motion by requesting that the Perry Circuit Court conduct a hearing on his motion to transfer and enter a ruling on that motion before July 31, 2026, to prevent undue disruption to the child's life and so that the "matter may be taken up in the proper venue." The Perry Circuit Court did not rule on the father's June 4, 2026, motion. On June 23, 2026, the father filed the present petition for the writ of mandamus with this court.

> "'"The writ of mandamus is an extraordinary remedy; it will not be issued unless the petitioner shows '"'(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the

respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.'"' Ex parte Inverness Constr. Co., 775 So. 2d 153, 156 (Ala. 2000) (quoting Ex parte Gates, 675 So. 2d 371, 374 (Ala.1996)); Ex parte Pfizer, Inc., 746 So. 2d 960, 962 (Ala. 1999)."'

"Ex parte Vest, 68 So. 3d 881, 884 (Ala. Civ. App. 2011) (quoting Ex parte Children's Hosp. of Alabama, 931 So. 2d 1, 5-6 (Ala. 2005))."

Ex parte M.A.G., 160 So. 3d 22, 24 (Ala. Civ. App. 2014).

The father seeks a writ of mandamus compelling the Perry Circuit Court to promptly hold a hearing on his motion to transfer. A writ of mandamus is an appropriate method by which to seek review of a trial court's failure to rule on a motion to transfer in a timely manner. Ex parte International Paper Co., 263 So. 3d 1035, 1040 (Ala. 2018). We note that "[v]enue is a threshold matter, and, 'as a general rule, a trial court should rule on a motion alleging improper venue as expeditiously as possible.'" Ex parte Nationwide Agribusiness Ins. Co., 276 So. 3d at 678 (quoting Ex parte Windom, 776 So. 2d at 803). By resetting the June 4, 2026, hearing for September 28, 2026, the Perry Circuit Court effectively deferred its decision on the father's motion to transfer to a date nearly five months after the father made the motion. The Perry Circuit

6

Court also directed the parties to attempt to work toward a resolution of the action pending consideration of the motion to transfer the underlying action. However, despite the mother's assertion to the contrary, parties should not be expected to participate in pretrial motions, discovery, or pretrial negotiations or mediation before the issue of proper venue is resolved. See id.; see also Ex parte International Paper Co., 263 So. 3d at 1040 (concluding that it was an abuse of discretion for a trial court to fail to rule on a motion to dismiss a third-party complaint for improper venue while directing the parties to proceed with discovery, setting deadlines for summary-judgment motions, and setting a trial date).

We also note that Alabama law favors an expeditious resolution of cases involving the custody of children. See generally Ex parte T.C., 96 So. 3d 123, 129 (Ala. 2012) ("[I]n resolving issues involving juveniles, time is of the essence."); see also Weldon v. Ballow, 200 So. 3d 654, 659 (Ala. Civ. App. 2015) (providing that issues of "child custody … should be decided as expeditiously as possible"). The Perry Circuit Court's delay in holding a hearing on the father's motion to transfer the action and issuing

a ruling on that motion is not consistent with an expeditious resolution of the issue of the child's paternity and custody.[3]

Accordingly, we issue the writ and direct the Perry Circuit Court to, within seven days of the date of this opinion, either hold a hearing and rule on the father's motion to transfer the underlying action or rule on the father's motion without holding a hearing. In doing so, we express no opinion on the merits of the father's motion to transfer.

PETITION GRANTED; WRIT ISSUED.

Moore, P.J., and Hanson, Fridy, and Bowden, JJ., concur.

---

[3]We note that the father has alleged that the mother has attempted to withdraw the child from school in Elmore County and to enroll the child in school in Perry County. The mother correctly notes in her answer to the father's petition for the writ of mandamus that she is within her rights to enroll the child in school in Perry County because she is the child's sole legal parent. However, in this particular case, the child is due to begin school before the Perry Circuit Court will consider the father's motion to transfer the action, and any determination on pendente lite issues concerning the child's custody should be made by the proper court. Thus, delaying that decision until after the school year commences could needlessly disrupt the child's education.